United States District Court
Southern District of Texas
**ENTERED**
October 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-12-336-1 |
| § | CIVIL ACTION NO. H-19-3972 |
| JERAMY JEROME GAGE., § | |
| § | |
| § | |
| Defendant-Movant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Magistrate Judge upon referral from the District Judge is Movant Jeramy Jeramy Jerome Gage's ("Gage") § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No.773).[1] After reviewing Movant's § 2255 Motion, the United States's Response and Motion to Dismiss Gage's Successive Motion for Relief under 28 U.S.C. § 2255 (Document No. 776), and Gage's Response (Document No. 777), the record of the proceedings before the District Court in the underlying criminal case and on appeal, the earlier post conviction proceeding, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Jeramy Jerome Gage's § 2255 Motion (Document No. 773) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction because Gage filed the instant action without seeking leave to file a successive

---

[1] Jeramy Jerome Gage's's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-19-3972 and at Document No.733 in Criminal Action No. H-12-336. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

§ 2255 motion from the Fifth Circuit Court Appeal, and it is further recommended that the case be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Gage should be allowed to file to file the successive motion in the district court.

## I.     Procedural History

Gage, who is currently in the custody of the United States Bureau of Prisons, has previously sought federal habeas corpus relief under 28 U.S.C. § 2255. This is Gage's second attempt at § 2255 relief.

On May 31, 2012, Gage and co-defendants Mark Wayne Wheeler and Annie Mae Ball were charged by Indictment with possession with intent to distribute 5 kilograms or more of cocaine. (Document No. 20). On September 26, 2012, a two-count Superseding Indictment was returned charging Gage, Mark Wayne Wheeler, Annie Mae Ball, Jeffrey Ray Johnson, Lawrence Perry, and Ramola Kaye Brown with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and less than 50 kilograms of marijuana (Count 1), and Mark Wayne Wheeler with felon in possession of a firearm (Count 2). (Document No. 70). On December 12, 2012, a two-count second Superseding Indictment was returned. The second Superseding Indictment added additional defendants to the conspiracy count. (Document No. 128). On February 11, 2014, a three-count third Superseding Indictment was returned. Gage was charged in Count 1sss with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(D). (Document No. 314). On March 28, 2014, Gage pleaded guilty, pursuant to a written Plea Agreement, to Count 1sss. (Document Nos.349, Transcript of Rearraignment Hearing, Document No. 656). On October 2, 2015, Gage was sentenced to a term of imprisonment of 292 months, to be followed by a term of supervised release of five years, and a

special assessment of $100.  (Transcript of Sentencing, Document No. 619, pp.22-25).  Judgment was entered on October 8, 2015.  (Document No. 612).  Gage appealed his conviction and sentence to the Fifth Circuit Court of Appeals.  The Fifth Circuit, unpersuaded by Gage's arguments that the Government breached the Plea Agreement by undermining the Plea Agreement during sentencing and by not recommending a three-point reduction for acceptance of responsibility, affirmed his conviction. (Document Nos. 732, 733).  Gage did not file a petition for writ of *certiorari* with the United States Supreme Court.

On November 17, 2017, Gage filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No.  746. ).  In that motion, Gage argued that his attorney was ineffective at sentencing for failing to call as a witness, Jaime Mitchell, to rebut statements in the PSR that resulted in an increased sentence based on obstruction of justice and no reduction for acceptance of responsibility. On August 27, 2018, the undersigned issued a Memorandum and Recommendation. (Document No.763).   The Court, on October 5, 2018, adopted the Memorandum and Recommendation and denied Gage's § 2255 motion.  (Document No. 766).

On October 11, 2019, Gage filed this, his second § 2255 Motion. (Document No.773).  Gage, relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), asserts that his sentence was improperly enhanced under the guidelines. He also appears to raise a claim of ineffective assistance of counsel. He argues that counsel failed to file an appeal. Here, Gage's current § 2255 motion again challenges the same conviction as in his prior § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

A second or successive motion must be certified as provided in section 2244 by a panel of

3

the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. § 2244 to provide that:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. § 2244(3)(A), Gage must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Gage's successive § 2255 motion. *See United States v.* Fulton, 780 F.3d 683, 686 (5th Cir. 2015); United *States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich,* 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Gage filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until Gage obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action and it should therefore be dismissed without prejudice.

## II. Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant Jeramy Jerome Gage's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No.773) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and that this case be transferred to the United States Court of Appeals for the Fifth

Circuit for a determination of whether Movant should be allowed to file the instant successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(A) and 2255(h).

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

Signed at Houston, Texas, this 21st day of October, 2020.

Frances H. Stacy
United States Magistrate Judge